IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY D. WHITE                :
                                :
    v.                          :  Civil Action No. DKC 10-0929
                                :
AMERITEL CORPORATION            :
                                :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is a motion to remand filed by Plaintiff Gregory D. White (paper 17) and a motion to dismiss or, in the alternative, for more definite statement filed by Defendant Ameritel Corporation (paper 11). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motion to remand will be denied and Defendant's motion to dismiss will be granted without prejudice.

I. **Background**

The following facts are set forth in the exhibits attached to Plaintiff's complaint. On January 4, 2007, the EEOC facilitated a settlement agreement between Plaintiff Gregory D. White and his employer, Defendant Ameritel Corporation, resolving a charge of discrimination. (Paper 2, Attach. 3). Defendant agreed, *inter alia*, to give Plaintiff a salary

increase, to expunge from his personnel file certain "written counseling and warning letters," to provide company-wide "sensitivity and cultural diversity training," and not to discriminate or retaliate against Plaintiff related to his filing of the underlying charge. (*Id*. at ¶¶ 4, 7). In exchange, Plaintiff agreed "not to institute a lawsuit" against Defendant and the EEOC agreed not to use Plaintiff's charge as "the jurisdictional basis for a civil action" under federal anti-discrimination provisions. (*Id*. at ¶ 1, p. 2). The parties acknowledged that the agreement constituted "a full and final settlement" of Plaintiff's then-pending EEO charge, and that it "may be specifically enforced in court by the EEOC or the parties and may be used as evidence in a subsequent proceeding in which a breach of this agreement is alleged." (*Id*. at ¶¶ 5, 6).

On or about September 21, 2007, Plaintiff was "subjected to verbal and mental abuse" by Ameritel President David Kaufman related to a disagreement between Plaintiff and Harold Dodd, another employee. (Paper 2, Attach. 4). Specifically, Mr. Kaufman told Plaintiff he was "sick and tired of [him] in a very high-pitched voice in front of a group of employees." (Paper 2, Attach. 5, at 2). On or about January 2, 2008, "it was demanded that [Plaintiff] perform a task that was not in [his] job description," and when he refused, he was "demoted from Senior

2

Truck Driver to Warehouse Helper." (Paper 2, Attach. 5). On January 18, 2008, Plaintiff was "placed on probation" related to accusations that he made "a number of statements in the presence of a co-worker" (*id.*), and on March 31, 2008, his employment was terminated "due to [him] not having [his] license to drive the Company truck," even though he "agreed to go home and retrieve it to complete [his] assignment" (paper 2, attach. 4).

On or about April 24, 2008, Plaintiff filed a charge of discrimination with the Maryland Commission on Human Relations ("MCOHR") related to the incident involving Mr. Kaufman and Mr. Dodd ("the April 24 charge"). (Paper 2, Attach. 5, at 2). He alleged that this incident was "harass[ment] in retaliation for complaining about discrimination in [his] previous EEO charge." (*Id.*). On or about March 20, 2009, Plaintiff filed another charge of discrimination with the MCOHR in which he alleged that his "termination was in retaliation for filing a discrimination complaint with [the] EEOC" ("the March 20 charge"). (Paper 2, Attach. 5, at 1).

Although Plaintiff apparently intended the March 20 charge to be an amended version of the April 24 charge, the charges were assigned different case numbers and investigated separately. On December 8, 2009, the MCOHR issued a written finding of no probable cause related to the April 24 charge. (Paper 2, Attach. 6). At some point thereafter, a written

3

finding of no probable cause was also issued related to the March 20 charge. (Paper 2, Attach. 7).[1] On January 26, 2010, Plaintiff received a right-to-sue letter from the EEOC related to the April 24 charge. (Paper 2, Attach. 8).[2]

On March 18, 2010, Plaintiff, proceeding *pro se*, filed a one-page complaint against Defendant in the Circuit Court for Montgomery County, Maryland, stating as follows:

> I Gregory White would like to be compensated for the following reasons:
>
> <u>Breach of Contract</u>: The Company and I had an agreement for them not to further harass or retaliate under [any] circumstance.
>
> <u>Retaliation</u>: I was out of work d[ue] to an on the job injury that resulted in me being out for two months under doctors care. Upon returning January 4, 2008 to full duty Truck Driver I was demoted to warehouse duties.
>
> <u>Wrongful[] Termination</u>: After asking for documentation of the change of position [sic] also be compensated 2 years of missed salary[,] $72,000.00[;] mental stress and anguish[,] $36,000.00[;] and be reinstated [to] my Senior Truck Driver position.

(Paper 2). Attached as exhibits to the complaint were, *inter alia*, the settlement agreement and documentation related to the April 24 and March 20 charges.

---

[1] Because Plaintiff neglected to attach the final page of this written finding, the date of the decision is unknown.

[2] Plaintiff neglected to attach a right-to-sue letter related to the March 20 charge, if one was ever issued.

On April 15, 2010, Defendant removed the action to this court, pursuant to 28 U.S.C. § 1441(a), on the basis of federal question jurisdiction (paper 1) and, shortly thereafter, filed a motion to dismiss or, in the alternative, for more definite statement (paper 11). On June 22, 2010, Plaintiff moved to remand the case to the Circuit Court for Montgomery County. (Paper 17).[3]

**II. Motion to Remand**

It is well settled that the removing party bears the burden of proving that removal is proper. *See Greer v. Crown Title Corp.*, 216 F.Supp.2d 519, 521 (D.Md. 2002) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). In considering a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court," which is indicative of the reluctance of federal courts "to interfere with matters properly before a state court." *Richardson v. Philip Morris, Inc.*, 950

---

[3] Pursuant to 28 U.S.C. § 1447(c), a plaintiff may move to remand for lack of subject matter jurisdiction at any time, but a motion to remand on any other ground must be filed within thirty days of the notice of removal. Although Plaintiff does not specifically identify lack of subject matter jurisdiction as the basis of his motion, the court liberally construes it as such. *See Miller v. Barnhart*, 64 Fed.Appx. 858 (4th Cir. 2003) ("a pro se litigant . . . is entitled to a liberal construction of [his] pleadings"). Thus, his motion to remand was timely filed.

F.Supp. 700, 701-02 (D.Md. 1997) (internal quotation marks omitted).

The removal statute provides, in relevant part:

> Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Such jurisdiction arises from "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983); *see also In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006).

In its notice of removal, Defendant characterizes Plaintiff's complaint as alleging that "[Defendant] retaliated against [Plaintiff] and terminated him in violation of Federal employment civil rights laws," in addition to raising "claims stemming from prior charges filed by [Plaintiff] with the U.S.

6

Equal Employment Opportunity Commission." (Paper 1, at ¶ 2). In opposing Plaintiff's motion to remand, Defendant contends:

> This court has subject matter jurisdiction over Plaintiff's Complaint under 28 U.S.C. § 1331. In his Complaint attaching numerous Equal Employment Opportunity Commission filings against [Defendant], Plaintiff broadly alleges violations of the Federal employment civil rights laws. Among other things, Exhibit 3 to the Complaint [the settlement agreement] references Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, the Americans with Disabilities Act, and the Equal Pay Act. Neither Plaintiff's Motion to Remand nor his accompanying correspondence disputes the existence of Federal Question jurisdiction.

(Paper 18, at 1).

While the bases of Plaintiff's claims labeled "Retaliation" and "Wrongful[] Termination" are ambiguous, he clearly intends to assert a claim for breach of the settlement agreement. That claim alone provides a basis for federal question jurisdiction. In *EEOC v. Henry Beck Co.*, 729 F.2d 301, 303 (4th Cir. 1984), the Fourth Circuit considered "whether a suit brought to enforce a pre-determination settlement agreement is one brought directly under Title VII" such that jurisdiction would be proper in federal court. The court discussed a number of decisions holding that actions brought by the EEOC for breach of post-determination conciliation agreements were actionable under Title VII because "Title VII's statutory emphasis on voluntary

7

compliance 'w[ould] be undermined by a holding that the federal courts lack jurisdiction over suits seeking enforcement . . .'" *Henry Beck Co.*, 729 F.2d at 304 (quoting *EEOC v. Liberty Trucking Co.*, 695 F.2d 1038, 1043 (7th Cir. 1982)); *see also EEOC v. Safeway Stores*, 714 F.2d 567, 572 (5th Cir. 1983) (federal jurisdiction may be "predicated upon the primacy of conciliation to the Title VII statutory scheme"). Reasoning that pre-determination settlement agreements, such as that at issue in the instant case, are "no less effective in facilitating the Commission's essential role as a mediator than conciliation agreements," the court held:

> where an employer allegedly breaches a pre-determination settlement agreement after voluntarily entering into it, and the Commission seeks enforcement of that agreement only, without attempting to litigate the underlying unfair employment practice charge, the suit is brought directly under Title VII, and the United States District Courts have jurisdiction under § 706(f)(3).

*Henry Beck Co.*, 729 F.2d at 305-06.

Although the Fourth Circuit has not specifically addressed whether the holding of *Henry Beck Co.* would allow private plaintiffs, rather than the EEOC, an actionable right to enforce pre-determination settlement agreements in federal courts, a number of other courts have answered that question affirmatively. *See, e.g., Ruedlinger v. Jarrett*, 106 F.3d 212,

8

215 (7th Cir. 1997) ("All of the reasons that support Title VII jurisdiction over such actions when brought by the EEOC apply with equal force to actions brought by the aggrieved employees to enforce conciliation agreements entered into by the EEOC, their employers and themselves."); *Eatmon v. Bristol Steel & Iron Works, Inc.*, 769 F.2d 1503, 1510 (11th Cir. 1985) ("That [an] action for enforcement is brought by employees, not the EEOC, does not, by itself, prevent [it] from being an action 'brought under' Title VII."). Indeed, the settlement agreement in this case provides that it "may be specifically enforced in court by the EEOC or the parties." (*Id*. at ¶ 6). Because such an action arises "under Title VII," it presents a federal question and jurisdiction in this court is proper. Accordingly, removal to this court was proper and Plaintiff's motion to remand will be denied.

**III. Motion to Dismiss**

    **A.    Standard of Review**

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of

the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993)). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at 1950, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

**B. Analysis**

While the complaint itself is vague with regard to the claims Plaintiff intends to raise, the accompanying exhibits provide some clarification. Under the heading "Breach of Contract," Plaintiff states in the complaint that he "had an agreement for [Defendant] not to further harass or retaliate under [any] circumstance." As noted, the attached settlement agreement provides, in relevant part, that "there shall be no discrimination or retaliation of any kind against [Plaintiff] as a result of filing this charge." (Paper 2, Attach. 3, at ¶ 4). The complaint further recites, under the heading "Retaliation," that upon Plaintiff's return to work from medical leave he was "demoted to warehouse duties," and that he was then "[w]rongfully [t]erminat[ed]" when he requested "documentation" related to this "change of position." In the March 20 charge, Plaintiff alleged that his "[d]emotion, [d]iscipline, [and] [d]ischarge" were "in retaliation for filing a discrimination complaint with [the] EEOC." (Paper 2, Attach. 5, at 1).

Considering the averments contained in the complaint along with the exhibits attached thereto, the court construes the complaint as alleging: (1) that Plaintiff suffered adverse employment actions (*i.e.*, a "demotion" and termination) as a result of his participation in a protected activity (*i.e.*, his filing of the prior EEO complaint that was resolved by the settlement agreement) in violation of Title VII, and (2) that these retaliatory acts constitute a breach of the settlement agreement.

**1. Retaliation**

To establish a *prima facie* case of retaliation, Plaintiff must show the following elements: (1) he engaged in a protected activity; (2) his employer took an adverse employment action against him; and (3) there was a causal connection between the protected activity and the adverse employment action. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 443 (4th Cir. 1998). The plaintiff's burden in this regard is "not onerous," and requires only that he prove each element by a preponderance of the evidence. *See Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). If the plaintiff makes such a showing, the burden shifts to the employer to offer a non-discriminatory basis for the adverse employment action. *See Matvia v. Bald Head Island Mgmt., Inc.*, 259 F.3d 261, 271 (4th Cir. 2001). The employee then has the opportunity to prove that

the asserted reason is pretextual. *Id.; see also Smith v. First Union Nat'l Bank*, 202 F.3d 234, 248 (4th Cir. 2000) ("The *McDonnell Douglas* burden-shifting scheme applies in analyzing retaliation claims under Title VII.").

Title VII makes it unlawful for "an employer to discriminate against any of [its] employees . . . because he has opposed any practice made an unlawful practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). Protected activity of an employee, therefore, can take the form of either opposing a practice prohibited under Title VII (pursuant to the opposition clause) or making a charge, testifying, assisting, or participating in an investigation, proceeding, or hearing under Title VII (pursuant to the participation clause).

The exhibits attached to Plaintiff's complaint – particularly, the March 20 charge – suggest that he intends to proceed under the participation clause, *i.e.*, that he suffered an adverse employment action as a result of his filing a prior EEO charge of discrimination. Although the filing of an EEO charge is unquestionably an activity protected under Title VII, the complaint does not contain a "short and plain statement" setting forth these facts and demonstrating entitlement to

relief, as required by Fed.R.Civ.P. 8(a). Thus, Plaintiff has failed to allege the first element of the *prima facie* analysis.

While it may be inferred that Plaintiff intended to cite his "demotion" and "[w]rongful[] [t]ermination" as adverse employment actions, these averments are not clearly set forth in the complaint. Nor does the complaint contain any allegation regarding the causal connection between any such adverse employment action and the protected activity. Thus, Plaintiff has failed to allege sufficient facts as to the second and third elements under the *prima facie* analysis. Accordingly, any claim for retaliation cannot be sustained.

### 2. Breach of Contract

Although the elements of a claim for breach of contract appear to be present, they are not set forth in a coherent manner on the face of the complaint. Under Maryland law, "[t]o prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Taylor v. NationsBank, N.A.*, 365 Md. 166, 175 (2001). Defendant clearly agreed, pursuant to the settlement agreement, that "there shall be no discrimination or retaliation of any kind against [Plaintiff] as a result of filing this charge." (Paper 2, Attach. 3, at ¶ 4). Thus, any subsequent acts of retaliation by Defendant would amount to breach of the settlement agreement,

as well as constitute independent violations of Title VII. Plaintiff's "Breach of Contract" claim, however, consists solely of the following statement: "I had an agreement for [Defendant] not to further harass or retaliate under [any] circumstance." Plaintiff, therefore, has only alleged that Defendant had a duty under the settlement not to retaliate and has not set forth facts expressly demonstrating how that duty was breached. Accordingly, his breach of contract claim cannot be sustained.

Because Plaintiff has failed to assert any claim that, if proven, would entitle him to relief, Defendant's motion to dismiss will be granted. The court will dismiss Plaintiff's complaint without prejudice, however, so that he may file an amended complaint alleging facts consistent with the standards outlined herein.

**IV. Motion for More Definite Statement**

Under Fed.R.Civ.P. 8(a), a complaint must contain a short and plain statement of the grounds for relief. Rule 8(e) requires that each averment be simple, concise and direct. Pursuant to Rule 12(e):

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

Fed.R.Civ.P. 12(e).

A Rule 12(e) motion is often coupled, as here, with a motion under Rule 12(b)(6) for failure to state a claim, when the complaint is so confusing that it is not possible to determine whether there is or is not a viable claim contained therein. 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1376 (3d ed. 2004). The court should not grant a Rule 12(e) motion, however, when it is appropriate to grant a Rule 12(b)(6) motion instead. As stated in Wright & Miller:

> The class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small. As the cases make clear, the pleading must be sufficiently intelligible for the district court to be able to make out one or more potentially viable legal theories on which the claimant might proceed; in other words the pleading must be sufficient to survive a Rule 12(b)(6) motion to dismiss.

*Id*. The decision as to whether to grant a motion for more definite statement is committed to the discretion of the district court. *Id*. at § 1377; *see also Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998).

In response to Defendant's alternative motion for more definite statement, Plaintiff filed a document purportedly "provid[ing] a more definite statement under Fed.R.Civ.P. 12(e)." (Paper 15). This document, however, does more to

16

confuse than to clarify. While the complaint alleges that Defendant breached "an agreement for [it] not to further harass or retaliate," Plaintiff now asserts that Defendant "[e]ngaged [i]n a fundamental breach of contract as stated in it[]s employees handbook." Whereas the apparent basis of Plaintiff's original retaliation claim was his demotion and/or termination, he suggests in this document that he suffered "retaliation and harassment" when one employee "took side[s] with" another employee with whom Plaintiff had a disagreement regarding "who had the key to the vehicle that was assigned for me to drive that day." (*Id.*). Moreover, under the heading "wrongful termination," he states that "[due] to me not having my license and [sic] was demanded to go home and get it[,] I was not provided advance notice of problems in regards to conduct that would lead to immediate termination." (*Id.*).

To the extent that Plaintiff may wish to incorporate some of these assertions into an amended complaint, he will be free to do so. By themselves, however, they largely do not relate to the prior EEO proceedings or the settlement agreement, and do not present a viable federal claim.

Because the court will grant Defendant's motion to dismiss, its alternative motion for more definite statement will be denied as moot.

**V. Conclusion**

For the foregoing reasons, Plaintiff's motion for remand will be denied and Defendant's motion to dismiss will be granted. A separate order will follow.

```
        _____/s/_____
        DEBORAH K. CHASANOW
        United States District Judge
```